IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| MATTHEW TANNER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:23-CV-00044-ALM-AGD |
| | § | |
| CROSSROADS ROW GROUP, et al., | § | |
| | § | |
| Defendants. | § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Pending before the court is Defendant City of Princeton, Texas' ("City") Rule 12(b)(6) Motion to Dismiss (Dkt. #18); Defendants Crossroads ROW Group, LLC ("Crossroads") and Jose Estefes' ("Estefes") Rule 12(b)(6) Motion to Dismiss (Dkt. #24); Defendant United States of America Department of Transportation's ("Government") Motion to Dismiss (Dkt. #30); and Defendant Capital Title of Texas, LLC's ("Capital Title") Motion to Dismiss for Failure to State a Claim (Dkt. #31). After reviewing the Motions, the responses, and all other relevant filings, the court recommends the City's Motion to Dismiss (Dkt. #18) be **GRANTED**; the Government's Motion to Dismiss (Dkt. #30) be **GRANTED IN PART** and **DENIED IN PART**; Crossroads and Estefes' Motion to Dismiss (Dkt. #24) be **GRANTED** on other grounds; Capital Title's Motion to Dismiss (Dkt. #31) be **GRANTED** on other grounds; and Plaintiff's Complaint[1] (Dkt. #1) be **DISMISSED WITHOUT PREJUDICE** as set forth herein.

---

[1] Plaintiff's original pleading is titled "Plaintiff's Original Petition against Named Defendants." (Dkt. #1). However, in federal court, "[a] civil action is commenced by filing a complaint with the court." FED. R. CIV. P. 3. Accordingly, the court herein refers to Plaintiff's Original Petition as his Complaint.

## BACKGROUND

Plaintiff filed his Complaint on January 16, 2023, alleging various causes of action against Defendants Crossroads, Estefes, the Government, the City, and Alex Vargas (Dkt. #1).[2] On April 7, 2023, Plaintiff filed a "supplement" to add Capital Title as a party (Dkt. #16). Plaintiff filed another "supplement" on May 8, 2023 (Dkt. #19), which has been stricken from the record. Plaintiff's Complaint stems from a roadway project to widen Highway 380, for which Plaintiff alleges violations of gross negligence, negligence, breach of fiduciary duty, breach of contract, quasi-contract, contract implied in law, intentional tort, fraud, and constructive fraud against each Defendant (Dkt. #1). On May 1, 2023, the City filed its Motion to Dismiss Plaintiff's Complaint on Rule 12(b)(6) grounds (Dkt. #18). On May 9, 2023, Crossroads and Estefes filed their Motion to Dismiss Plaintiff's Complaint on Rule 12(b)(6) grounds (Dkt. #24). On June 8, 2023, the Government filed its Motion to Dismiss Plaintiff's Complaint on Rule 12(b)(1) and Rule 12(b)(6) grounds (Dkt. #30). On June 16, 2023, Capital Title filed its Motion to Dismiss Plaintiff's Complaint on Rule 12(b)(6) grounds (Dkt. #31). Below, the court addresses each motion to dismiss in turn.

## STANDARD

### *Rule 12(b)(1): Subject Matter Jurisdiction*

Subject matter jurisdiction in a federal court can be established in two ways: federal question or diversity. 28 U.S.C. §§ 1331, 1332. Federal question jurisdiction includes "all civil actions arising under the constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Diversity jurisdiction under § 1332 is not at issue in the present case.

---

[2] There is no evidence in the record that Alex Vargas has been properly served, and therefore, Alex Vargas is not a party before this court.

The court will accept as true all well-pleaded allegations set forth in the complaint and construe those allegations in the light most favorable to the plaintiff. *Truman v. United States*, 26 F.3d 592, 594 (5th Cir. 1994). Once a defendant files a motion to dismiss under Rule 12(b)(1) and challenges jurisdiction, the party invoking jurisdiction has the burden to establish subject matter jurisdiction. *See Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980). Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999)). When a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety. *Id.*; see also FED. R. CIV. P. 12(h)(3).

*Rule 12(b)(6): Failure to State a Claim*

"To survive a motion to dismiss [pursuant to Federal Rule of Civil Procedure 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).[3] A court generally may not "go outside the complaint" in considering a Rule 12(b)(6) motion but may consider "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (citation omitted); *Scanlan v. Tex. A&M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003).

In passing on a Rule 12(b)(6) motion, a court must accept all of the plaintiff's allegations

---

[3] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009). "[C]ourts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Twombly*, 550 U.S. at 555.

as true. *Ballard v. Wall*, 413 F.3d 510, 514 (5th Cir. 2005). A claim will survive an attack under Rule 12(b)(6) if it "may be supported by showing any set of facts consistent with the allegations in the complaint." *Twombly*, 550 U.S. 544, 562 (2007). In other words, a claim may not be dismissed based solely on a court's supposition that the pleader is unlikely "to find evidentiary support for his allegations or prove his claim to the satisfaction of the factfinder." *Id.* at 563 n.8. Although detailed factual allegations are not required, a plaintiff must provide the grounds of its entitlement to relief beyond mere "labels and conclusions;" "a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. The complaint must be factually suggestive, so as to "raise a right to relief above the speculative level," *id.* at 555, and into the "realm of plausible liability." *Id.* at 557 n.5. Facial plausibility is achieved "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

## ANALYSIS

### A. The City's Motion to Dismiss

Plaintiff's Complaint claims the City is liable for "negligence, gross negligence, and/or breach of fiduciary duty." (Dkt. #1 at pp. 9–10). Plaintiff then claims the City is liable for breach of "contract, quasi-contract, or contract implied in law." (Dkt. #1 at p. 10). Finally, Plaintiff claims the City is liable for "intentional tort, fraud, and/or constructive fraud." (Dkt. #1 at pp. 10–11). The City filed a Rule 12(b)(6) Motion to Dismiss alleging Plaintiff failed to state a claim upon

which relief can be granted (Dkt. #18).[4] The City's Motion to Dismiss (Dkt. #18) should be granted.

> i. *Plaintiff Failed to State a Claim for Negligence, Gross Negligence, and Breach of Fiduciary Duty against the City.*

In his Complaint, Plaintiff alleges that the City was negligent, grossly negligent, and breached its fiduciary duty to Plaintiff. In response, the City asserts that the governmental actions for which Plaintiff complains include: "street construction and design, building codes and inspections, zoning and planning, and water and sewer service." (Dkt. #18 at pp. 3–4). *See* TEX. CIV. PRAC. & REM. CODE § 101.0215. The City argues that Plaintiff's claims for negligence and gross negligence necessarily fail because the City is immune from liability for damages caused by its governmental actions. *See City of LaPorte v. Barfield*, 898 S.W.2d 288, 291 (Tex. 1995) ("A city is immune from liability for its governmental actions, unless that immunity is waived.").

Plaintiff does not provide any authority to rebut the City's claim of immunity.[5] Rather, Plaintiff states that he "believes" his Complaint "properly alleges a duty" for the City to comply with applicable laws and "that the [C]ity did not do so is certainly negligence, gross negligence, and/or breach of fiduciary duty and such actions are certainly not covered by governmental immunity." (Dkt. #20 at p. 3). Such conclusory allegations, without specificity or any authority, are insufficient to survive a motion to dismiss. Thus, as the City has not waived immunity with respect to its performance of governmental actions, and Plaintiff has neither pleaded sufficient

---

[4] Plaintiff appears to be confused about the basis for which the City brings its Motion to Dismiss. Defendant's Motion is titled "Defendant City of Princeton, Texas' Rule 12(b)(6) Motion to Dismiss." Plaintiff appears to argue that the City is invoking Texas Rule of Civil Procedure 12(b)(6), a rule that does not exist. Rather, the apostrophe in the City's title indicates that the Rule 12(b)(6) Motion is that of Defendant City of Princeton, Texas. Accordingly, the court notes that the City has properly brough this Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6).

[5] *See* LOCAL RULE CV-7(d) ("The response and any briefing . . . *shall contain* a concise statement of the reasons in opposition to the motion and *a citation of authorities upon which the party relies*. A party's failure to oppose a motion in the manner prescribed herein creates a presumption that the party does not controvert the facts set out by movant and has no evidence to offer in opposition to the motion.").

REPORT AND RECOMMENDATION – Page 5

facts nor provided authority to establish liability for governmental actions. Plaintiff has failed to state a claim upon which relief can be granted for negligence and gross negligence.

Plaintiff also alleged the City breached its fiduciary duty to Plaintiff (Dkt. #1 at pp. 9–10). Although Plaintiff makes no reference to the elements, to establish a breach of a fiduciary duty, Plaintiff must show: "(1) a fiduciary relationship between the plaintiff and defendant; (2) the defendant must have breached his fiduciary duty to the plaintiff; and (3) the defendant's breach must result in injury to the plaintiff or benefit to the defendant." *D&J Real Estate Servs., Inc. v. Perkins*, No. 05-13-01670-CV, 2015 WL 3507323, at *4 (Tex. App.—Dallas, June 4, 2015) (citing *Jones v. Blume*, 196 S.W.3d 440, 447 (Tex. App.—Dallas 2006, pet. denied)). Plaintiff's Complaint does not allege any facts that would suggest the City owed Plaintiff a fiduciary duty. Plaintiff has not set fort facts establishing a fiduciary relationship between himself and the City, and therefore, cannot establish a breach of a fiduciary duty that caused him damages. As such, Plaintiff has failed to state a claim upon which relief can be granted, and the City's Motion to Dismiss Plaintiff's Complaint should be granted regarding negligence, gross negligence, and breach of fiduciary duty.

   ii. ***Plaintiff Failed to State a Claim for Contract, Quasi-Contract, and Contract Implied in Law against the City.***

Plaintiff's Complaint states: "[T]he City has a contract, quasi-contract, or contract implied in law to act properly and in reasonably good faith with [Plaintiff]." (Dkt. #1 at p. 10). Plaintiff's Complaint goes on to state that the City "missed the target." (Dkt. #1 at p. 10).

To form a contract, the Plaintiff must establish: "(1) an offer; (2) acceptance in strict compliance with the terms of the offer; (3) a meeting of the minds; (4) each party's consent to the terms; and (5) execution and delivery of the contract with the intent that it be mutual and binding." *Wilburn v. Valliance Bank and Coleman & Patterson, LLC*, No. 05-14-00965-CV, 2015 WL

9281271, at *5 (Tex. App.—Dallas Dec. 21, 2015). Plaintiff's complaint does not address the formation of a contract between Plaintiff and the City. Additionally, Plaintiff alleges the City breached a quasi-contract or a contract implied in law (Dkt. #1 at p. 13). "A quasi-contract is not a contract at all but an obligation imposed by law to do justice even though it is clear that no promise was ever made or intended." *Bank of Am. v. Jeff Taylor, LLC*, 358 S.W.3d 848, 856 (Tex. App.—Tyler Jan. 25, 2012) (internal citations and quotation marks omitted).

The City states that it "has immunity as to these claims unless the City entered into an authorized contract with Plaintiff." (Dkt. #18 at p. 4). Indeed, Section 271.152 of the Texas Local Government Code provides that if the City enters into an authorized contract, the City "waives sovereign immunity to suit for the purpose of adjudicating a claim for breach of the contract, subject to the terms and conditions of this subchapter." TEX. LOCAL GOV'T CODE § 271.152. Plaintiff's Complaint, however, does not provide factual allegations to establish a contract or a quasi-contract. Indeed, Plaintiff's Response to the City's Motion to Dismiss is completely devoid of any rebuttal or authority to support his allegations for breach of contract, quasi-contract, or contract implied in law. Thus, the court finds that Plaintiff has failed to state a claim for which relief can be granted in this regard, and the City's Motion to Dismiss Plaintiff's Complaint should be granted accordingly.

> iii. ***Plaintiff Failed to State a Claim for Intentional Tort, Fraud and/or Constructive Fraud against the City.***

Plaintiff's entire allegation against the City with respect to the aforementioned intentional torts is as follows: "[Plaintiff] is of the opinion that the actions of the City of Princeton as noted above further constitute an intentional tort, fraud, and/or constructive fraud and accordingly sues said Defendant under said causes of actions." (Dkt. #1 at pp. 10—11). The court construes this section of Plaintiff's Complaint to only allege fraud or alternatively constructive fraud, as a

generalized "intentional tort" is not a cause of action, but rather, is an entire area of the law. As alleged by Plaintiff, even taken as true, the allegations do not rise above a speculative level of wrongdoing on the part of the City.[6]

Additionally, with respect to Plaintiff's fraud and constructive fraud allegations against the City, the City contends it is immune from liability for the alleged tortious activity. "[T]he City has immunity to such claims under the Texas Tort Claims Act." (Dkt. #18 at p. 5). The court agrees. "The [Texas Tort Claims Act] provides only limited situations in which a governmental entity may waive its sovereign immunity under Texas law. Section 101.057(2) of the [Texas Tort Claims Act] provides that the waiver of immunity does not apply to a claim arising out of any intentional tort." *Rojero v. El Paso Cnty.*, 226 F. Supp. 3d 768, 775 (Tex. App.—El Paso Apr. 28, 2016) (citing TEX. CIV. PRAC. & REM. CODE §§ 101.021, 101.057(2)). Thus, Plaintiff's intentional tort, fraud, and constructive fraud claims necessarily fail and should be dismissed.

### *iv. Plaintiff's Alleged Facts are Insufficient to Bring a Claim for Unlawful Taking of Plaintiff's Land.*

While not explicitly listed as a cause of action, Plaintiff appears to claim that a taking of Plaintiff's property occurred (Dkt. #1). Even construing Plaintiff's allegations in the light most favorable to him, he has not presented allegations of wrongdoing that rise above a speculative level. Rather, Plaintiff's allegations are pure speculation.

Plaintiff states that the City was involved in widening a road that "conjoins itself to State Hwy. 380 and *it appears may have unlawfully* in said project taken certain land(s) belonging to Tanner and/or Tanner entities." (Dkt. #1 at p. 5). (Emphasis added). Plaintiff also states in his factual background that "lands [were] *apparently unlawfully taken*." (Dkt. #1 at p. 6). (Emphasis

---

[6] The "court need not conjure up unpled allegations or construe elaborately arcane scripts to save a complaint." *Govea v. ATF*, 207 F. App'x 369, 372 (5th Cir. 2006) (per curiam) (internal citations and quotation marks omitted).

REPORT AND RECOMMENDATION – Page 8

added). Plaintiff then states in his factual background that he "sues [the City] for the value of *said apparent unlawful taking(s)* of Tanner lands." (Dkt. #1 at p. 6). (Emphasis added). Plaintiff also seems to complain of damage to his property done while the City performed utility work in a utility easement (Dkt. 1 at pp. 6–7). Plaintiff claims, "the City *may have further unlawfully taken* some of his land for . . . the utility easement placement construction activities." (Dkt. #1 at p. 6). (Emphasis added).

To the extent that Plaintiff intended to bring a cause of action for an unlawful taking of Plaintiff's property, Plaintiff merely makes statements that, by their very nature, are speculative at best. Additionally, Plaintiff's statements are legal conclusions couched as factual allegations. As the City states, "The elements of a takings claim under Article 1, Section 17 of the Texas Constitution are: (1) an intentional act by the governmental entity under its lawful authority; (2) resulting in a taking or damaging of the property; (3) for public use." (Dkt. #18 at p. 3) (citing *Harris Ctny. Flood Control Dist. v. Kerr*, 499 S.W.3d 793, 799 (Tex. 2016)). However, Plaintiff's allegations, which do not rise above a speculative level, do not establish the elements of a taking. Plaintiff's allegations are all conditioned by *apparent* actions. Further, he has not alleged any damage to his property outside the work that was allegedly performed in a utility easement. Thus, even if Plaintiff had properly brought a cause of action for an unlawful taking, Plaintiff has not sufficiently alleged intentional actions by the City that would amount to a taking under Article 1, Section 17 of the Texas Constitution.[7]

---

[7] Plaintiff Complaint does not cite any authority to support his arguments. Rather, Plaintiff improperly attempts to amend his Complaint by responding to the City's Motion to Dismiss with a "supplement." (Dkt. #19). Pursuant to Federal Rule of Civil Procedure 15, Plaintiff must file leave to amend or supplement a pleading. He is not able to simply file "supplements." For this reason, Plaintiff's Supplement to Plaintiff's Original Petition has been stricken (Dkt. #62). Thus, the arguments in Plaintiff's Supplement, (Dkt. #19), are not properly before the court for consideration.

### B. The Government's Motion to Dismiss

Generally, Plaintiff's Complaint brings the same causes of action against the Government for "negligence, gross negligence, and/or breach of fiduciary duty," "breach of contract, quasi-contract, and/or contract implied in law," and "intentional tort, fraud, and/or constructive fraud." (Dkt. #1 at pp. 8–9). The Government filed a Motion to Dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) (Dkt. #30). Globally, the Government argues that it enjoys sovereign immunity against many of Plaintiff's claims, and for the remainder, the Government argues the Court of Claims has exclusive jurisdiction (Dkt. #30 at pp. 7–16). Alternatively, the Government contends that Plaintiff failed to bring a claim for which relief could be granted (Dkt. #30 at pp. 7–16). Finally, the Government moves for sanctions.[8]

As an initial matter, unless an express waiver exists, the Government enjoys sovereign immunity from suit. *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). "Indeed, the United States cannot be sued unless its sovereign immunity has been explicitly and unequivocally waived through Congressional statute." *Willrich v. U.S. Marshal's Off.*, No. 4:14-CV-561, 2015 WL 4776436, at *5 (E.D. Tex. Aug. 13, 2015) (internal citations and quotation marks omitted). Plaintiff bears the burden of establishing "a valid waiver of sovereign immunity." *Wagstaff v. U.S. Dep't of Educ.*, 509 F.3d 661, 664 (5th Cir. 2007). "Any waiver of the sovereign immunity of the United States must appear clearly in statutory text and cannot be implied." *Willrich*, 2015 WL 4776436, at *5 (citing *Wagstaff*, 509 F.3d at 664). Thus, unless Plaintiff can establish that the Government's sovereign immunity has been expressly waived, Plaintiff's claims must fail.

---

[8] The Government requests that this court impose sanctions against Plaintiff. The Government states that Plaintiff's counsel brought a bad faith, frivolous action because he "knew or should have known that this [lawsuit] lacked merit." (Dkt. #30 at p. 17). The court has expended valuable judicial resources sorting out Plaintiff's convoluted fact pattern and the various motions to dismiss Plaintiff's Complaint. Having done so, the court finds that the Government has not established that Plaintiff's lawsuit rises to the level of bad faith that would move the court to impose sanctions. Accordingly, the Government's request for sanction should be denied.

> ***i.   Plaintiff's Claims for Negligence and Gross Negligence are Barred.***

The Government's first issue is whether "this Court [should] dismiss Plaintiff's claims for negligence and gross negligence, pursuant to FED. R. CIV. P. 12(b)(1) because Plaintiff has failed to exhaust his administrative remedies, which deprives this court of subject matter jurisdiction." (Dkt. #30 at p. 5). As discussed above, the Government enjoys sovereign immunity unless expressly waived by Congress. The Federal Tort Claims Act ("FTCA") waives immunity for specific tort actions, including negligent acts or omissions. *See* 28 U.S.C. §§ 2671–80. However, prior to filing a lawsuit in federal court, a plaintiff must exhaust his administrative remedies. 28 U.S.C. § 2675 ("An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, *unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail*."). (Emphasis added).

Exhaustion of administrative remedies "is a prerequisite to suit under the FTCA." *Life Partners, Inc. v. United States*, 650 F.3d 1026, 1029–30 (5th Cir. 2011). Here, it is undisputed that Plaintiff did not exhaust his administrative remedies by first filing a claim with the U.S. Department of Transportation. Plaintiff does not allege such a proceeding, nor does he dispute the Government's contention that "Plaintiff did not file an administrative claim with USDOT." (Dkt. #30 at p. 9). Indeed, Plaintiff's Response to the Government's motion is entirely silent on the matter. Accordingly, the court finds that it does not have subject matter jurisdiction over Plaintiff's claims for negligence and gross negligence because Plaintiff failed to exhaust his administrative remedies as required by the Federal Tort Claims Act. *See* 28. U.S.C. § 2675. Thus, the

Government's Motion to Dismiss Plaintiff's negligence and gross negligence claims on Rule 12(b)(1) grounds should be granted.

> ### ii.     *Plaintiff's Claims for Breach of Fiduciary Duty, Intentional Tort, Fraud, and Constructive Fraud are Barred by the Federal Tort Claims Act.*

The Government's second issue is whether "this Court [should] dismiss Plaintiff's claims for breach of fiduciary duty, fraud, constructive fraud, and intentional tort pursuant to 12(b)(1) because these are tort claims for which there is no statutory waiver of sovereign immunity." (Dkt. #30 at p. 5). To start, Plaintiff expressly admits that "it appears the tort actions were not performed directly by the [Government]." (Dkt. #34 at pp. 1–2). On this ground alone, Plaintiff's tort claims against the Government could be dismissed. However, the court considers Plaintiff's tort claims below.

The Federal Tort Claims Act permits the Government to be sued for certain tortious acts. 28 U.S.C. §§ 2671, *et seq.* Excepted from the Federal Tort Claims Act are, *inter alia*, "[a]ny claims arising out of . . . misrepresentation, deceit, or interference with contract rights." 28 U.S.C. § 2680(h). In other words, for actions arising out of misrepresentation, deceit, or interference with contract rights, sovereign immunity has not been waived. *See Baker v. McHugh*, 672 F. App'x 357, 362 (5th Cir. 2016) ("[T]he United States has not waived sovereign immunity for claims arising out of . . . libel, slander, misrepresentation, [or] deceit. Absent a waiver of sovereign immunity, the federal courts have no jurisdiction over [such a] claim."). (Internal citations and quotation marks omitted).

While not specifically or concisely pleaded, Plaintiff appears to bring claims for breach of fiduciary duty, intentional tort, fraud, and constructive fraud against the Government based on alleged misrepresentations of other Defendants (Dkt. #1). Plaintiff failed to plead specific elements for any cause of action. Rather, for breach of fiduciary duty, Plaintiff states that two non-

Government Defendants' actions "constitute . . . breach of fiduciary duty." (Dkt. #1 at p. 8). The alleged actions of the non-Government Defendants include the alleged failure "to gather its' [*sic*] facts correctly" and not make misrepresentations to Plaintiff's tenants (Dkt. #1 at p. 8). Similarly, Plaintiff's allegations of intentional tort, fraud, and constructive fraud appear to rely on alleged misrepresentations by non-Government Defendants (Dkt. #1 at p. 9). Plaintiff states that he "is of the opinion that the actions of Crossroads and Estefes *and the other Defendants as noted above* further constitute an intentional tort, fraud, and/or constructive fraud." (Dkt. #1 at p. 9). Notably, Plaintiff has not "noted above" any alleged misrepresentation by the Government.[9]

Regardless, the Government has not waived sovereign immunity for actions arising out of misrepresentations or deceit. 28 U.S.C. § 2680(h). Thus, the court does not have jurisdiction over Plaintiff's claims against the Government for breach of fiduciary duty, intentional tort, fraud, and constructive fraud, and the Government's Motion to Dismiss these causes of action on Rule 12(b)(1) grounds should be granted.

### iii.   *The Court Does Not Have Jurisdiction over Plaintiff's Contract Claims.*

The Government's third issue is whether "this Court [should] dismiss Plaintiff's claims for breach of contract, quasi contract, and implied contract pursuant to 12(b)(1) because the Federal Court of Claims has exclusive jurisdiction over non-tort claims against the United States or its agencies exceeding $10,000.00." (Dkt. #30 at p. 5). Any non-tort claims against the Government are governed by the Tucker Act. 28 U.S.C. § 1491 ("The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either

---

[9] Plaintiff appears to rely on agency law to connect the Government to the alleged actions of the non-Government Defendants, but he has failed to establish any principal–agent relationship between the Government and the non-Government Defendants. *See generally* (Dkt. #1). In response to the Government's Motion to Dismiss, Plaintiff claims the Government "is then 'respondent [*sic*] superior' as to the actions of TXDOT and/or its agents Crossroads ROW Group." (Dkt. #34 at p. 1). Not only is TXDOT not a party to the present lawsuit, but Plaintiff also fails to cite any legal authority to support its position that simply providing federal funding to TXDOT for a highway project is enough to confer this court's jurisdiction over Plaintiff's claims against the Government.

upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort."). "The Little Tucker Act gives district courts jurisdiction over certain claims against the federal government, but when a plaintiff seeks more than $10,000 in damages the Court of Federal Claims has exclusive jurisdiction." *Patterson v. Spellings*, 249 F. App'x 993, 995 (5th Cir. 2007) (first citing 28 U.S.C. § 1346(a); and then citing *Sharp v. Weinberger*, 798 F.2d 1521, 1523 (D.C. Cir. 1986)).

Plaintiff has alleged the non-tort causes of action of breach of contract, quasi-contract, and contract implied in law against the Government (Dkt. #1 at pp. 8–9). Plaintiff's Complaint alleges that he "seeks monetary relief over $250,000 including damages of any kind, penalties, costs, expenses, and/or pre-judgment and post judgment interest." (Dkt. #1 at p. 3). This amount far exceeds this court's jurisdictional limit of $10,000.00. *Patterson*, 249 F. App'x at 995.

In an effort to save his contract claims against the Government, Plaintiff attempts to amend his Complaint *through his Reply* to the Government's Motion to Dismiss to seek damages of only $9,999.99 against the Government (Dkt. # 44 at pp. 1–2) ("Tanner has agreed that the non-tort claim pleading re [*sic*] the United States for breach of contract, quasi-contract, and/or contract implied in law is $9,999.99 . . . . Wherefore, premises considered, Movant [*sic*] Tanner amends his pleading in reference to the USA as noted above."). This attempted amendment is improper because Plaintiff must file a motion to amend his complaint or have the consent of the opposing parties, not supplement it through a reply to a motion to dismiss. FED. R. CIV. P. 15(d) ("On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading . . . ."). Thus, Plaintiff's contract claim exceeds the jurisdictional limits of this court and should have been brought before the Federal Court of Claims. The court recommends that the

REPORT AND RECOMMENDATION – Page 14

Government's Motion to Dismiss Plaintiff's breach of contract, quasi-contract, and contract implied in law should be granted under Rule 12(b)(1).[10]

### C. *Crossroads and Estefes' Motion to Dismiss*

Plaintiff alleges causes of action against Crossroads and Estefes for negligence, gross negligence, breach of fiduciary duty, breach of contract, quasi-contract, contract implied in law, intentional tort, fraud, and constructive fraud (Dkt. #1 at pp. 8–9). Crossroads and Estefes argue that each of Plaintiff's claims should be dismissed under Rule 12(b)(6) for failure to state a claim upon which relief can be granted (Dkt. #24).

As an initial matter, Crossroads and Estefes note that this is the second time they have been sued by Plaintiff (Dkt. #24 at p. 1). Plaintiff sued Crossroads and Estefes in state court, and that action was dismissed as baseless under Texas Rule of Civil Procedure 91a (Dkt. #24 at p. 1, n.1).[11]

Texas Rule of Civil Procedure 91a provides in relevant part:

> [A] party may move to dismiss a cause of action on the grounds that it has no basis in law or fact. A cause of action has no basis in law if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought. A cause of action has no basis in fact if no reasonable person could believe the facts pleaded.

TEX. R. CIV. P. 91a.

Rule 91a is the Texas state-court version of Federal Rule of Civil Procedure 12(b)(6). *Bart Turner & Assocs. v. Krenke,* No. 3:13-CV-2921-L, 2014 WL 1315896, at *3 (N.D. Tex. Mar. 31, 2014). The state standard "is still fair notice," but "the federal standard is more stringent than the Texas pleading standard with respect to the sufficiency of the allegations to state a claim or cause

---

[10] As each of Plaintiff's claims against the Government should be dismissed for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), the court need not address the Government's alternative motion for dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).

[11] Ironically, Plaintiff—whose state court lawsuit against Crossroads and Estefes was dismissed as baseless—says that Crossroads and Estefes' Motion to Dismiss "on its' [*sic*] face appears to be frivolous." (Dkt. #29 at p. 1).

of action." *Id.* at *3–*4. Plaintiff could not satisfy the less stringent Rule 91a standard. Likewise, Plaintiff then necessarily fails to state a claim under Rule 12(b)(6) in the present lawsuit.

In any event, the court need not address Crossroads and Estefes' arguments because Plaintiff's claims are barred by res judicata. Res judicata, generally, is an affirmative defense that must be raised by the parties and cannot be considered *sua sponte*. *See Mowbray v. Cameron Cnty., Tex.*, 274 F.3d 269, 281 (5th Cir. 2001). However, there are two exceptions. The first exception is when the two actions are brought before the same district court, and the second exception—which applies in the present lawsuit—occurs

> where all of the relevant facts are contained in the record before us and all are uncontroverted, we may not ignore their legal effect, nor may we decline to consider the application of controlling rules of law to dispositive facts, simply because neither party has seen fit to invite our attention by technically correct and exact pleadings.

*Mowbray*, 274 F.3d at 281. Such is the case here: all the relevant facts are contained in the record before the court, and Plaintiff has not disputed them.

Crossroads and Estefes have asked the court to take judicial notice of the Memorandum and Order filed in state court disposing of the state court action (Dkt. #24 at p. 1; Dkt. #18, Exhibit 1). Similarly, the court takes judicial notice of the Original Petition filed in state court that the Government attached to its Motion to Dismiss (Dkt. #30, Exhibit 1). Under Federal Rule of Evidence 201, "a district court [may] take judicial notice of a 'fact that is not subject to reasonable dispute because it (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.'" *Basic Cap. Mgmt., Inc. v. Dynex Cap., Inc.*, 976 F.3d 585, 589 (5th Cir. 2020) (quoting FED. R. EVID. 201(d)). Such judicially noticed evidence is appropriate at the motion to dismiss stage. *See id.* at 589 ("And if there remained any doubt about whether any stage of the proceeding included the motion-to-dismiss stage, our precedents have resolved that doubt,

explaining that when reviewing a motion to dismiss, a district court must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.") (cleaned up).

To establish res judicata, the following four elements must exist: "(1) the parties must be identical in the two actions; (2) the prior judgment must have been rendered by a court of competent jurisdiction; (3) there must be a final judgment on the merits; and (4) the same claim or cause of action must be involved in both cases." *Oreck Direct*, 560 F.3d 398, 401 (5th Cir. 2009) (citing *In re Ark–La–Tex Timber Co.*, 482 F.3d 319, 330 (5th Cir. 2007)). All four elements are satisfied in the present lawsuit.

First, the parties in the two actions are identical with respect to Crossroads and Estefes. Both the Original Petition filed in state court by Plaintiff and the Complaint filed in this court by Plaintiff name Crossroads ROW Group, LLC and Jose Estefes as defendants (Dkt. #1 at pp. 1–2; Dkt. #30, Exhibit 1 at pp. 3–4). Second, the prior judgment was rendered by a court of competent jurisdiction; namely, the 401st Judicial District Court in Collin County, Texas (Dkt. #18, Exhibit 1; Dkt. #30, Exhibit 1). Third, there was a final judgment on the merits through a Rule 91a motion to dismiss (Dkt. #18, Exhibit 1) ("ACCORDINGLY, IT IS ORDERED ADJUDGED, AND DECREED that each of every one of Plaintiff's claims and causes of action in this matter are hereby dismissed.").[12] And fourth, Plaintiff raised the same claims or causes of action in both cases. Each case alleges causes of action for negligence, gross negligence, breach of fiduciary

---

[12] Plaintiff's state court petition was dismissed pursuant to Texas Rule of Civil Procedure 91a, which is similar to Federal Rule of Civil Procedure 12(b)(6) in that it is a ruling on the merits. *See Roach v. Allstate Vehicle and Prop. Ins. Co.*, No 3:15-CV-3228-G, 2016 WL 795967, at *4 (N.D. Tex. Feb. 29, 2016) ("TEX. R. CIV. P. 91a permits state courts to dismiss claims under an analysis similar to federal courts' analysis, interpreting FED. R. CIV. P. 8(a), when considering a FED. R. CIV. P. 12(b)(6) motion to dismiss. . . . TEX. R. CIV. P. 91a requires that allegations have a 'basis in law and fact.'").

REPORT AND RECOMMENDATION – Page 17

duty, breach of contract, quasi-contract, contract implied in law, intentional tort, fraud, and constructive fraud (Dkt. #1 at pp. 8–9; Dkt. #30, Exhibit 1 at pp. 4–6). These documents filed in state court are not subject to reasonable dispute because they can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. Accordingly, the court finds that Crossroads and Estefes' Motion to Dismiss should be granted on other grounds.

### D. *Capital Title's Motion to Dismiss*

Capital Title's motion to dismiss argues Plaintiff has failed to state a claim under Rule 12(b)(6) (Dkt. #31 at p. 1). Capital Title states that Plaintiff "presumably" asserts a claim for "a breach of contract" against Capital Title (Dkt. #31 at p. 1). Plaintiff appears to believe Capital Title has a duty to defend Plaintiff in the present lawsuit (Dkt. #16 at pp. 1–2; Dkt. #31 at p. 3) ("To date Capital Title has refused it's [sic] legal responsibility to take up and prosecute this lawsuit for Tanner as the lawsuit concerns an apparent illegal taking of Tanner lands by the City of Princeton for which Capital Title under its issued policy has a duty to handle and appoint legal counsel of it's [sic] choosing in this regard at the sole cost and/or expenses [sic] of Capital Title."). Capital Title contests this allegation by establishing that it is not an obligated party under the relevant title insurance policy (Dkt. #31 at p. 3; Dkt. #31, Exhibit 1).[13] [14]

The court need not decide these issues because Capital Title is not a proper party to this lawsuit. Plaintiff attempted to add Capital Title as a party through an "Amended Supplement to

---

[13] Plaintiff's title insurance policy was issued by First National Title Insurance Company, not Capital Title (Dkt. #31, Exhibit 1).

[14] Under the court's local rules, there is a presumption that Plaintiff does not oppose Capital Title's arguments in its Motion to Dismiss because Plaintiff failed to file a response in accordance with Local Rules. *See* LOCAL RULE CV-7(d) (setting forth the requirements for responses to dispositive motions and stating that "[a] party's failure to oppose a motion in the manner prescribed herein creates a presumption that the party does not controvert the facts set out by movant and has no evidence to offer in opposition to the motion"). Rather than file a response with a counter position and authorities, Plaintiff filed a document titled "Tanner Supplement to Tanner's Amended Complaint re Defendant First National Title Ins. Co." (Dkt. #50). Plaintiff's Supplement does not respond to Capital Title's arguments, but rather, improperly attempts to add a party (First National Title Insurance Company) to the present lawsuit without first moving to amend his Complaint. FED. R. CIV. P 15(a)(2).

Original Petition of Matthew Tanner to Add Capital Title of Texas, LLC as an Additional Party Defendant." (Dkt. #16). Plaintiff's "Amended Supplement" improperly asks the court to enforce upon Capital Title a duty to defend Plaintiff (Dkt. #16).[15] This "Amended Supplement" is an improper method by which to add a party because Plaintiff must file a motion to amend his Complaint in order to add a party. *See* FED. R. CIV. P. 15(a)(2). Plaintiff has not filed a motion to amend his Complaint to add Capital Title as a party to this lawsuit, and therefore, Capital Title is not properly before this court. Accordingly, the court finds that Capital Title's Motion to Dismiss (Dkt. #31) should be granted on other grounds.

## CONCLUSION AND RECOMMENDATION

For the foregoing reasons, the court recommends that the City's Motion to Dismiss (Dkt. #18) be **GRANTED**; the Government's Motion to Dismiss (Dkt. #30) be **GRANTED IN PART** and **DENIED IN PART**; Crossroads and Estefes' Motion to Dismiss (Dkt. #24) be **GRANTED** on other grounds; Capital Title's Motion to Dismiss (Dkt. #31) be **GRANTED** on other grounds; and Plaintiff's Complaint (Dkt. #1) be **DISMISSED WITHOUT PREJUDICE**. The court further recommends that any request for relief not addressed by this report and recommendation should be denied as **MOOT**.

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed

---

[15] Notably, Plaintiff has not pleaded facts sufficient to establish that Capital Title is required to defend Plaintiff (Dkt. #16; Dkt. #31, Exhibit 1).

REPORT AND RECOMMENDATION – Page 19

determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 12th day of March, 2024.**

AILEEN GOLDMAN DURRETT
UNITED STATES MAGISTRATE JUDGE